IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


REITZ V. REGIONAL WEST PHYSICIANS CLINIC


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


VIVIAN REITZ, PERSONAL REPRESENTATIVE OF THE ESTATE OF TERRY REITZ, DECEASED, APPELLANT,

V.

REGIONAL WEST PHYSICIANS CLINIC, A NONPROFIT DOMESTIC CORPORATION, AND REGIONAL WEST MEDICAL CENTER, A NONPROFIT DOMESTIC CORPORATION, APPELLEES.


Filed April 7, 2026.    No. A-25-595.


Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

James C. Bocott, of Law Office of James C. Bocott, P.C., L.L.O., for appellant.

Susan K. Sapp and Isaiah J. Frohling, of Cline Williams Wright Johnson & Oldfather, L.L.P., for appellees.


MOORE, PIRTLE, and FREEMAN, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Vivian Reitz, the personal representative for the estate of Terry Reitz, appeals from an order of the district court for Scotts Bluff County that granted summary judgment in favor of Regional West Physicians Clinic (RWPC) and Regional West Medical Center (RWMC) (collectively appellees). For the reasons that follow, we affirm the district court's order granting summary judgment in favor of appellees.

## II. BACKGROUND

On November 26, 2020, Terry went to RWMC's emergency department, where he was seen by health care providers employed by appellees. He was diagnosed with COVID-19 and was placed on a ventilator to assist his breathing due to complications from what he was experiencing. While on the ventilator and receiving treatment for his condition, Terry allegedly acquired pressure injuries which required further treatment. These injuries persisted after being discharged from the facility. At all times relevant herein, appellees were licensed health care entities in the State of Nebraska.

On September 23, 2022, Terry filed a complaint against appellees, alleging that appellees' negligence during his COVID-19 treatment resulted in pressure injuries. After filing this lawsuit, Terry passed away on February 4, 2023. His wife, Vivian, was appointed as the personal representative for Terry's estate. On July 26, 2023, Vivian filed an amended complaint, which alleged four causes of action, including (1) "res ipsa," (2) informed consent, (3) negligent training and supervision, and (4) medical malpractice.

Vivian claimed that appellees failed to meet the standard of care by failing to adequately train and monitor nursing staff to prevent pressure injuries when patients were confined to a bed and on a ventilator for periods of time. Vivian also asserted that appellees failed to communicate with Terry and Terry's family during his treatment, and that in the ordinary course of events, a patient on a ventilator is not likely to develop sacral pressure injuries. Lastly, Vivian argued that appellees owed a duty to Terry to disclose the risks and benefits of the procedures used to treat COVID-19.

Appellees answered the complaint and affirmatively alleged immunity, preemption, and that Vivian had failed to exhaust her administrative remedies pursuant to the Public Readiness and Emergency Preparedness Act (the PREP Act), 42 U.S.C. §§ 247d-6d, 247d-6e (2018 & Supp. V 2023); the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020); and all corresponding amendments, regulations, and interpretational case law.

Appellees subsequently moved for summary judgment. A hearing was held on the motion, where exhibits were offered and received into evidence and both parties made arguments in support of their respective positions. The district court granted appellees' motion for summary judgment, holding that the PREP Act applied and appellees were entitled to immunity under the PREP Act.

The district court concluded that the undisputed evidence showed that Terry's injuries were "caused by, arose out of, related to, or resulted from" the physical provisions of a covered countermeasure. The court noted that Vivian alleged that Terry had developed a sacral pressure injury when he was immobilized for an extended period to treat his COVID-19. The court further noted that Vivian referenced the connection between the treatment of COVID-19, the ventilator, and the pressure injuries throughout the amended complaint. The court, having granted the motion for summary judgment, dismissed the case with prejudice.

Vivian now appeals.

## III. ASSIGNMENT OF ERROR

Vivian assigns that "[t]he district court erred when it granted summary judgment in favor of [appellees] on all four causes of action, specifically finding the Amended Complaint was

irrefutable evidence that [Vivian] claims a ventilator was a proximate cause of [Terry]'s pressure injuries."

## IV. STANDARD OF REVIEW

An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *U.S. Specialty Ins. Co. v. D S Avionics*, 320 Neb. 287, 26 N.W.3d 761 (2025). An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

## V. ANALYSIS

### 1. OVERVIEW

Vivian assigns that the district court erred when it granted summary judgment in favor of appellees on all four causes of action, specifically finding the amended complaint was irrefutable evidence that Vivian claims a ventilator was a proximate cause of Terry's pressure injuries.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *French v. Auto-Owners Ins. Co.*, 33 Neb. App. 646, 23 N.W.3d 696 (2025). The Nebraska Supreme Court has long held that the party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial. *Id.* If the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id.* But in the absence of a prima facie showing by the movant that he or she is entitled to summary judgment, the opposing party is not required to reveal evidence which he or she expects to produce at trial. *Id.*

The district court granted summary judgment in favor of appellees, holding that the PREP Act preempted Vivian's claims. We note that there is no dispute that Terry is alleged to have received treatment at RWMC, where he was diagnosed with COVID-19. There is also no dispute that Terry was allegedly intubated and suffered sacral pressure injuries. Therefore, the sole issue before us is whether Vivian's tort claims against appellees are preempted by the PREP Act.

### 2. IMMUNITY UNDER PREP ACT

The PREP act was enacted in 2005 and provides:

[A] covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure.

42 U.S.C. § 247d-6d(a)(1) (2018 & Supp. V 2023). In relevant part, the PREP Act defines a covered person as "(iv) a qualified person who prescribed, administered, or dispensed such countermeasure." 42 U.S.C. § 247d-6d(i)(2)(B). A qualified person is defined as "(A) a licensed health professional or other individual who is authorized to prescribe, administer, or dispense such countermeasures under the law of the State in which the countermeasure was prescribed, administered, or dispensed. . . ." 42 U.S.C.A. § 247d-6d(i)(8)(A).

A covered countermeasure is defined as "(A) a qualified pandemic or epidemic product," meaning a "drug," "biological product," or "device" "designed . . . to diagnose, mitigate, prevent, treat, or cure a pandemic or epidemic" and "(C) a drug . . . , biological product . . . , or device (as such term is defined by section 201(h) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 321(h)) . . . that is authorized for emergency use." 42 U.S.C. § 247d-6d(i)(1), (1)(C), (7). The term "device" "means an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is" . . . "(B) intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man." 21 U.S.C. § 321(h)(1).

Finally,

> "loss" means any type of loss, including . . . (i) death; (ii) physical, mental, or emotional injury, illness, disability, or condition; (iii) fear of physical, mental, or emotional injury, illness, disability, or condition, including any need for medical monitoring; and (iv) loss of or damage to property, including business interruption loss.

42 U.S.C. § 247d-6d(a)(2)(A).

In lieu of a cause of action, the PREP act created the "Covered Countermeasure Process Fund" to compensate individuals who are harmed by the administration or use of a covered countermeasure. 42 U.S.C. § 247d-6e(a). The PREP Act does, also, provide an exclusive cause of action for claims of wrongful misconduct. 42 U.S.C. § 247d-6d(d)(1).

Based on the federal statutory language, then, for a party's claim to be preempted by the PREP Act, it must be that the offending party is a covered person, who administered a covered countermeasure, and that the countermeasure caused the loss to the other party. *Ramaekers v. Creighton University*, 320 Neb. 478, 28 N.W.3d 57 (2025).

(a) Covered Person and Covered Countermeasure

Vivian does not contest that appellees are covered persons who meet the requirements to receive the PREP Act immunity. However, for the sake of completeness, before determining whether Vivian's claims are preempted, we assess whether appellees were covered persons administering a covered countermeasure.

We conclude that appellees were "covered persons" under the PREP Act, as appellees were licensed healthcare entities in the State of Nebraska. We also conclude that a ventilator is a "covered countermeasure" as it is an instrument intended for use in the cure, mitigation, treatment, or prevention of a disease. Vivian concedes as much in her brief to the district court, which said, "[appellees] are "Covered Persons" who were "engaged in . . . covered countermeasures (the use of a ventilator) insofar as [Terry] was prescribed and placed on a ventilator."

As explicitly alleged in the amended complaint, appellees diagnosed Terry with COVID-19, admitted Terry to inpatient treatment, and intubated Terry. By taking these actions, appellees became "qualified person[s] who proscribed, administered, or dispensed such countermeasure." See 42 U.S.C. § 247d-6d(i)(2)(B)(iv). Furthermore, by providing a ventilator as a part of Terry's treatment for COVID-19, appellees administered a covered countermeasure as defined by federal law. See 42 U.S.C. §§ 247d-6d(i)(1), (1)(C).

(b) Countermeasure Caused Loss to Other Party

The Supreme Court has recently examined the PREP Act and to what extent state law claims may be preempted. See *Ramaekers v. Creighton University, supra.* The Supreme Court relied on *Happel v. Guildford County Board of Education*, 387 N.C. 186, 913 S.E.2d 174 (2025), which found that the PREP Act's definition of "loss" could only arise in the context of a tort. The Supreme Court agreed with the court in *Happel* that the plain language of the provision preempted state law tort-based claims. The Supreme Court concluded that a claim for negligence is a tort claim and, therefore, a claim for loss based on the plain language of the statute. *Ramaekers v. Creighton University, supra.*

Vivian's four causes of action--(1) res ipsa loquitor, (2) informed consent, (3) negligent training and supervision, and (4) medical malpractice--are all torts alleging that appellees were negligent in their treatment of Terry's COVID-19 diagnosis. Vivian's allegations assert Terry's injuries were "caused by, ar[ose] out of, relat[ed] to, or result[ed] from" the use of a covered countermeasure, a ventilator. Considering the Supreme Court's decision in *Ramaekers*, Vivian's claims of negligence are claims for loss. Further, Vivian alleges that Terry developed pressure injuries but does not allege a claim of wrongful misconduct, which is the exclusive cause of action under the PREP Act.

3. GRANT OF SUMMARY JUDGMENT

Vivian argues that the court erred in granting summary judgment as the district court did not analyze the facts of the case before ruling on summary judgment.

The primary purpose of the summary judgment procedure is to pierce the allegations in the pleadings and show conclusively that the controlling facts are other than as pled. *Williamson v. Bellevue Med. Ctr., LLC*, 304 Neb. 312, 934 N.W.2d 186 (2019). Neb. Rev. Stat. § 25-1332 (Cum. Supp. 2024) provides in part that a motion for summary judgment shall be granted "if the pleadings and the evidence admitted at the hearing show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Williamson v. Bellevue Med. Ctr., LLC, supra.*

The party moving for summary judgment must make a prima facie case by producing enough evidence to show that the movant is entitled to judgment if the evidence were uncontroverted at trial. *Id.* If the party moving for summary judgment makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id.* At the summary judgment stage, the trial court determines whether the parties are disputing a material issue of fact. *Id.* It does not resolve the factual issues. *Id.* Where reasonable minds could draw different conclusions from the facts presented, there is a triable issue of material fact. *Id.*

We agree with the district court that appellees carried their initial burden showing they were entitled to judgment as a matter of law. Even assuming that the administration of the ventilator did not "cause" Terry's injuries, there is no evidence that Terry's injuries did not arise out of, relate to, or result from the administration of the ventilator. Given appellees' showing, the burden shifted to Vivian to produce evidence that Terry's injuries did not arise out of, relate to, or result from the administration of covered countermeasure to treat COVID-19. Vivian failed to do so.

In its order the district court found:

Both [Vivian's] allegations in the Amended Complaint and the medical records directly reference and implicate the ventilator and link it to the theories of relief and damages. This satisfies the requirement to show that the bed sores were caused by, arose out of, related to, or resulted from the administration of the ventilator. While the Court agrees with [Vivian] that [appellees] are not entitled to broad immunity under the PREP Act, that is not the case here. The treatment chain of events cannot be separated from the administration of a covered countermeasure, i.e. the use of a ventilator and defendant's claimed injuries as alleged by [Vivian]. [Vivian] presented no evidence to refute the connection between the ventilator and the injuries from bed sores as alleged. . . . [Appellees] are therefore protected under the PREP Act and immune from liability for [Vivian]'s state claims as stated in the Amended Complaint.

We agree with the district court that Vivian's claims are preempted under the PREP Act.

VI. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court. The district court did not err in granting appellees' motion for summary judgment because there was no genuine issue of material fact.

AFFIRMED.